## Basilio Piñero, Plaintiff and Appellant, v. Francisco Encarnación, Defendant and Appellee.

No. 8401.   Argued February 4, 1942.—Decided February 10, 1942.

*J. M. Calderón* for appellant.   *Luis Apellániz Storer* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

Francisco Encarnación built, many year ago, a house on land pertaining to a property which belonged to another and was held under a lease by one Epifanio Vizcarrondo. The house was built with the express consent of the lessee. Subsequently the ownership of the property was conveyed to José María Calderón, and upon the latter's death his heirs sold it to Basilio Piñero, plaintiff and appellant herein.

As a result of the San Felipe Hurricane, which occurred in 1927, the house originally built, was entirely destroyed, whereupon Calderón, who had become the owner of the premises, allowed Francisco Encarnación to rebuilt it on another place in the same property. In 1932 Encarnación's house was again destroyed by the San Ciprián Hurricane and rebuilt by Encarnación just where it now stands, not only with the consent of Calderón's heirs but also by using some materials supplied by the latter.

In the deed of sale executed by the heirs of Calderón to plaintiff Piñero on September 24, 1936, the heirs of José María Calderón agreed to ''bind themselves hereby to deliver the property, the object of the within deed, free from any tenants (*agregados*), and to bear the expenses of legal proceedings for their eviction.''

When he purchased the property in 1936, Piñero knew that Encarnación and his family were living in the house, and, as appears from his own testimony at the trial, he consented to Encarnación remaining on the property until he should find some other place to go.

Defendant Francisco Encarnación was requested in 1941 to vacate the premises but he refused to do so. After fruitless steps to come to an agreement with the defendant regarding the value of the house, the plaintiff brought the present action of unlawful detainer at sufferance.

The District Court of San Juan gave judgment for the defendant. The plaintiff appealed, and in his brief he urges that the trial court erred in holding that the action of unlawful detainer did not lie as against the owner of a purchased house, built on land of another with the consent of the lessee; and in applying to the facts of the instant case the doctrine laid down by this Supreme Court in *Rivera* v. *Santiago*, 56 P.R.R. 361, and in *González* v. *Marvel*, 56 P.R.R. 444.

In our judgment, none of the errors assigned exists. It is true that the house in question was originally built with the consent of a lessee of the land. But it is also true that the action of the lessee was subsequently accepted and ratified by the owners of the land, who on two different occasions allowed the house to be rebuilt. Plaintiff Piñero, who purchased the land, has not alleged, nor could he allege, the status of a third person; for it appears from the very deed of sale, which he introduced in evidence, that he knew that the tenants at sufferance (*agregados*) were living on the premises and that the vendor had bound himself to evict them therefrom.

In accordance with the decisions cited by the lower court, the judgment appealed from complies with the law and must be affirmed.